IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOCIETY HILL CIVIC ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS A. DECKER, et al., <br><br> Defendants. | CIVIL ACTION <br> No. 07-cv-4629 |

## ORDER

AND NOW, this _____ day of November, 2007, having considered Plaintiffs' Motion for a Speedy Hearing in accordance with Fed. R. Civ. P. 57, and any response thereto, it is hereby:

1. ORDERED that the Motion is GRANTED.

2. It is further hereby ORDERED that a hearing on Plaintiffs' prayer for a declaratory judgment shall be held on _____, 2007, at _____ am/pm.

BY THE COURT:

_____
PADOVA, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOCIETY HILL CIVIC ASSOCIATION,<br>　　　　　　　　　　et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>THOMAS A. DECKER,<br>　　　　　　　　　　et al.,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:　CIVIL ACTION<br>:　No. 07-cv-4629<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR A SPEEDY HEARING IN ACCORDANCE WITH FED. R. CIV. P. 57**

**I.　INTRODUCTION**

This Motion relates to Plaintiffs' prayer for declaratory relief found in Count IV of the Amended Complaint.[1] By this Motion, Plaintiffs respectfully request that the Court set a speedy hearing on Plaintiffs' request for a declaration that this action constitutes a "pending legal challenge" within the meaning of 4 Pa. C.S. § 1301 to the Gaming Control Board's approval of the applications of Philadelphia Entertainment & Development Partners, LP (PEDP) and HSP Gaming L.P. (HSP) for final slot machine licenses. Such a declaration would confirm that, according to the terms of 4 Pa. C.S. §

---

[1] This action seeks declaratory and injunctive relief, or, in the alternative to injunctive relief, monetary damages. In particular, Plaintiffs seek, among other things, an order enjoining the Pennsylvania Gaming Control Board (the "Gaming Control Board") from issuing final slot machine licenses to Philadelphia Entertainment & Development Partners, LP and HSP Gaming L.P. For purposes of Count IV, however, the Plaintiffs seek only declaratory relief.

1301, the Gaming Control Board is not authorized to issue final slot machine licenses to PEDP and HSP at this time. The Gaming Control Board may issue a license only when, among other things, it has verified that:

> (2) the board's decision approving the application is a final, binding, nonappealable determination which is not subject to a pending legal challenge.

4 Pa. C.S. § 1301.

## II. ARGUMENT

### A. CIRCUMSTANCES REQUIRE A SPEEDY HEARING IF 4 Pa. C.S. § 1301 IS TO BE EFFECTIVE

4 Pa. C.S. § 1301 prohibits the Gaming Control Board from issuing a slot machine license to an applicant while there is a "pending legal challenge" to the Gaming Control Board's approval of the application. Clearly, the instant action is a legal challenge to the licensing decisions, and just as clearly the instant action is pending. Therefore, pursuant to the statute, the Board is not authorized to issue the final licenses.[2]

In order for this provision to be effective, however, the Gaming Control Board must recognize that a "pending legal challenge" exists. The Court should determine whether this action constitutes such a "pending legal challenge" at the outset so that the Gaming Control Board is on notice of this action's status as a "pending legal challenge" within the meaning of 4 Pa. C.S. § 1301. Any delay in the determination risks the issuance of a license while this challenge is pending, in contravention of the statute.

---

[2] Moreover, the Gaming Control Board's decision approving PEDP's and HSP's applications is not "final" because the Pennsylvania Supreme Court's decision denying the appeal of Riverwalk Casino, L.P., which challenged the approval of PEDP's and HSP's applications, may still be subject to a petition for a writ of certiorari up to and including November 14, 2007. See Riverwalk Casino, L.P. v. Pennsylvania Gaming Control Board, Docket No. 07A297 (U.S.), available at http://www.supremecourtus.gov/docket/07a297.htm.

It is particularly appropriate for a court to hold a speedy hearing on a prayer for declaratory judgment when circumstances require it. For example, in United States v. Stein, 452 F. Supp.2d 230 (S.D.N.Y. 2006), the court ordered an expedited trial on the claims of a group of criminal defendants against their former employer for advancement of defense costs. The court held a trial on the defense cost issue before proceeding with the criminal case because the "value" of "advancement of defense costs … is that it is granted or denied while the underlying action is pending." 452 F. Supp.2d at 271. So too here, the "value" of a determination whether this action is a "pending legal challenge" within the meaning of 4 Pa. C.S. § 1301 "is that it is granted or denied while the underlying action is pending." If decision on that issue is delayed, it may be too late: the licenses may already have been issued.

Similarly, in The Rechler Partnership v. The Resolution Trust Corp., 1990 U.S. Dist. LEXIS 18714 (D.N.J. Sept. 4, 1990), the court held hearings less than a month after the complaint was filed on plaintiff's declaratory judgment claim seeking adjudication of the RTC's responsibilities as plaintiff's de facto tenant under federal banking law. The court found that it was proper to hear the case "in a summary manner under Federal Rule [of] Civil Procedure 57" because Rule 57 is "specifically designed to afford a speedy and inexpensive method of adjudicating legal disputes … to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." 1990 U.S. Dist. LEXIS 18714 at *17, quoting Beacon Construction Co. v. Matco Elec. Co., 521 F.2d 392, 397 (2d Cir. 1975). The Court should determine whether this action constitutes such a "pending legal challenge" now, so as "to settle legal rights and remove uncertainty and insecurity from

3

legal relationships without awaiting a violation of [Plaintiffs'] rights or a disturbance of the relationships."

B. **STATUTORY CONSTRUCTION IS A PRIMARY PURPOSE OF DECLARATORY JUDGMENTS**

Declaration of rights under a statute is one of the primary purposes of declaratory judgments. "Written instruments, including ordinances and statutes, may be construed before or after breach at the petition of a properly interested party ...." Fed. R. Civ. P. 57 advisory committee's note (emphasis added). That includes state statutes. See, e.g., Prudential Prop. and Cas. Ins. Co. v. Remed Recovery Care, 136 Fed. Appx. 489 (3d Cir. 2005) (affirming district court's declaration of rights under Pennsylvania no-fault statute). Therefore, the Court may interpret 4 Pa. C.S. § 1301 as part of its powers under Rule 57.

III. **CONCLUSION**

For all the foregoing reasons, Plaintiffs' Motion for a Speedy Hearing in accordance with Fed. R. Civ. P. 57 should be granted.

Respectfully submitted,

Dated: Nov. 12, 2007

_____
Larry Silver
David E. Romine
Stephen E. Fitzgerald
Langsam Stevens & Silver LLP
1616 Walnut Street, Suite 1700
Philadelphia, PA 19103-5319
(215) 732-3255
Attorneys for Plaintiffs

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOCIETY HILL CIVIC ASSOCIATION, et al., | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> :     CIVIL ACTION |
| v. | :     No. 07-cv-4629 <br> : |
| THOMAS A. DECKER, et al., | : <br> : <br> : |
| Defendants. | : <br> : |

**MOTION FOR SPEEDY HEARING**
**IN ACCORDANCE WITH FED. R. CIV. P. 57**

Plaintiffs hereby move the Court for an Order setting a speedy hearing for Plaintiffs' request for a declaratory judgment, and in support thereof aver as follows:

1. Plaintiffs filed their Complaint on November 2, 2007.

2. Plaintiffs filed their Amended Complaint on November 12, 2007.

3. Plaintiffs' Amended Complaint includes a count praying for a declaratory judgment that this action is a "pending legal challenge" within the meaning of 4 Pa. C.S. § 1301. See Amended Complaint at Count IV.

4. Plaintiffs' Motion should be granted for the reasons set forth in Plaintiffs' Memorandum of Law in Support thereof, filed herewith.

WHEREFORE, Plaintiffs respectfully request that the Court order that Plaintiffs' request for a declaratory judgment be set for a speedy hearing.

Dated: Nov. 12, 2007

_____
Larry Silver
David E. Romine
Stephen E. Fitzgerald
Langsam Stevens & Silver LLP
1616 Walnut Street, Suite 1700
Philadelphia, PA 19103-5319
(215) 732-3255
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the dates indicated below I have caused or will cause a copy of the foregoing Motion For Speedy Hearing In Accordance With Fed. R. Civ. P. 57 and Plaintiffs' Memorandum In Support Of Their Motion For Speedy Hearing In Accordance With Fed. R. Civ. P. 57 to be served in the manners described below, to the following:

Thomas A. Decker – by Hand Delivery (November 13, 2007)
c/o Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Raymond Angeli – via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control Board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

Mary DiGiacamo Colins – via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control Board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

Jeffrey W. Coy – via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control Board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

Joseph W. Marshall III – via U.S. First Class Mail (November 12, 2007)
Temple University Health System
3401 North Broad Street
9th Floor Jones Hall
Philadelphia, PA 19140

Kenneth T. McCabe – via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control Board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

Sanford Rivers – via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

Gary A. Sojka – via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control Board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

James P. Ginty– via U.S. First Class Mail (November 12, 2007)
c/o The Pennsylvania Gaming Control Board
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101


**Pennsylvania Gaming Control Board**

Pennsylvania Gaming Control Board – via overnight Federal Express (November 12, 2007)
303 Walnut Street, Strawberry Square
Verizon Tower, 8th Floor
Harrisburg, PA 17101

Frank T. Donaghue, Esq. – via overnight Federal Express (November 12, 2007)
Richard D. Sherman, Esq. (717) 703-2566
Pennsylvania Gaming Control Board
303 Walnut Street-5th Floor Verizon Tower
Harrisburg, PA 17101-1825

**Philadelphia Entertainment and Development Partners, LP**

Philadelphia Entertainment and Development Partners, LP – by Hand Delivery (Nov. 13, 2007)
c/o Ernst & Young LLP
Two Commerce Square
2001 Market Street, Suite 4000
Philadelphia, PA 19103

Stephen D. Schrier, Esq. (215) 665-3198 – by Hand Delivery (November 13, 2007)
Eric G. Fikry, Esq.
Obermayer, Rebmann, Maxwell & Hippel LLP
One Penn Center – 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103-1895


**HSP Gaming, L.P.**

HSP Gaming, L.P. – via overnight Federal Express (November 12, 2007)
c/o NRAI Service Center, LLC
160 Greentree Drive, Suite 101
Dover, Delaware 19904

Stephen A. Cozen, Esq. – by Hand Delivery (November 13, 2007)
Jennifer M. McHugh, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-5513

Richard Sprague, Esq. – by Hand Delivery (November 13, 2007)
Law Offices of Sprague & Sprague
135 South 19th Street – Suite 400
Philadelphia, PA 19103
(215) 561-7681

Dated:   November 12, 2007

David E. Romine
LANGSAM STEVENS & SILVER LLP
1616 Walnut Street—Suite 1700
Philadelphia, PA 19103-5319
Counsel for Plaintiffs
(215) 732-3255